UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MELISSA FRET,　　　　　　　　　　　　　　　CASE NO:

　　　Plaintiff,

vs.

BH MANAGEMENT SERVICES, LLC,

　　　Defendant.
_____/

**PLAINTIFF'S COMPLAINT**
**JURY DEMAND**

1.　　　Plaintiff, MELISSA FRET ("Plaintiff" or "Mrs. Fret") brings this action against BH MANAGEMENT SERVICES, LLC ("Defendant" or "BHMS") for violations of the Servicemembers Civil Relief Act 50 U.S.C. §3901 *et. seq.* ("SCRA) and the Florida Consumer Collection Practices act, Florida Statute §559.72 *et. seq.* ("FCCPA").

**JURISDICTION AND VENUE**

2.　　　This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3.　　　Supplemental jurisdiction exists for Plaintiff's FCCPA claims pursuant to 28 U.S.C. § 1367.

4.　　　Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Broward County, Florida and Defendant transacts business in this district.

**PARTIES**

5.　　　Plaintiff is a "consumer" as defined by Florida Statute §559.55(8).

6.　　　Plaintiff is a natural person who, at all times relevant to this action was a resident of Broward County.

7. Plaintiff is the spouse of a servicemember as defined by 50 U.S.C §3911(4)(A).

8. Defendant BHMS is a property management company Missouri Corporation with its principal place of business in the state of Iowa with a registered agent in the state of Florida listed as CORPORATION SERVICE COMPANY at 1201 Hays Street Tallahassee, FL 32301.

9. BHMS manages an apartment complex known as The Avant at Pembroke Pines located at 11801 Pembroke Rd, Pembroke Pines, FL 33025. *See* https://livebh.com/apartments/the-avant-at-pembroke-pines/ (last visited September 23, 2022).

## STATUTORY FRAMEWORK

### The SCRA

10. Congress enacted the SCRA to:

   a. provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and

   b. provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service. (50 U.S.C. § 3902)

11. The SCRA should be construed liberally. *See LeMaistre v. Leffers*, 333 U.S. 1,6 (1948) ("The Act should be read with an eye friendly to those who dropped their affairs to answer their country's call.").

12. Under 50 U.S.C. §3955, the lessee on a lease may terminate such a lease at any time after ---

> (A) the lessee's entry into military service;
> (B) the date of the lessee's military orders described in paragraph (1)(B) or (2)(B) of subsection (b), as the case may be

13. The SCRA grants any aggrieved person a private right of action and the right to obtain equitable relief, monetary damages, punitive damages, costs, and attorney's fees, and "all other appropriate relief." *See* 50 U.S.C. §4042, 4043.

**The FCCPA**

14. Consumer protection statutes are remedial in nature and should be liberally construed in favor of the public. *See Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990).

15. "The Florida Consumer Collection Practices Act (FCCPA) is a laudable legislative attempt to curb what the Florida Legislature has evidently found to be a series of abuses in the area of debtor-creditor relations. The FCCPA is to be construed in a manner that is protective of the consumer." *Laughlin v. Household Bank, Ltd.,* 969 So. 2d 509 (Fla. 1st DCA 2007).

16. "The Florida Legislature, in enacting the FCCPA, has further defined and protected an individual's right of privacy in the State of Florida." Id.

17. Under the FCCPA, "[a] plaintiff is not required to prove actual damages, but only a violation of one of the prohibited practices in the Florida Consumer Collection Practices Act." Id.

18. The FCCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Fla. Stat. § 559.55(6) (emphasis added).

19. The FCCPA defines the term "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Fla. Stat. § 559.55(8) (emphasis added).

20. The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. Fla. Stat. § 559.72. This language includes all unlawful attempts at collecting

consumer debts by creditors and debt collectors alike. *See Williams v. Streeps Music Co.,* 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976); *see also Schauer v. GMAC*, 819 So. 2d 809 (Fla. 4th DCA 2002); *Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906, 908 (Fla. 2nd DCA 2014).

21. Defendants are each a "person" subject to the provisions of Florida Statute §559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined by Florida Statute §559.55(1).

22. The FCCPA applies to BHMS as a "debt collector" because such a term means "any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Florida Statute §559.55(7).

23. Additionally, the FCCPA provides that no person shall "[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Fla. Stat. § 559.72(5).

24. Florida Statute § 559.72(9) requires that no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

25. The FCCPA creates a private right of action under Florida Statute § 559.77(1) and any person who violates any provision of the FCCPA is liable for actual damages, statutory damages not exceeding $1,000, court costs, attorney's fees, punitive damages, and equitable relief pursuant to Section 559.77(2).

## FACTUAL ALLEGATIONS

26.     On or about April 19, 2021, Mrs. Fret contacted BHMS via email and stated her husband was given military orders to report to Germany. The email appeared with the following information to a representative from BHMS

> **From:** Melissa Rispoli <■■■■■■■■>
> **Date:** May 1, 2021 at 3:55:03 PM EDT
> **To:** pembrokepines@bhmanagement.com
> **Subject: Re: Lease agreement - Melissa Fret**
>
> Hello, everything is out of the apartment. The keys are inside. If you have any questions or concerns please email me ONLY, due to the fact I'm out of the country and my number has changed. Also, how will my security deposit be sent back to me?
>
> Thank you
>
> Melissa Fret
>
> Sent from my iPhone
>
>> On Apr 19, 2021, at 4:53 PM, Melissa Rispoli <■■■■■■■■■■■■■■■> wrote:
>>
>> Good morning BH management,
>>
>> I was wondering how I would go about breaking my lease early, My husband and I have to PCS to Germany due to him being in the military. I am on his orders but he is not on my lease because he is not here. I was not aloud to go with him yet because of covid. Unfortunately we didn't have a time frame of when I would be able to come. They called me and told me I would have a flight this upcoming month. The outcome of how everything looked as far as what the military was saying... I wasn't going to be able to go with him in a year and a half but it has changed. I am terribly sorry if this has caused an inconvenience but if someone could help me figure this out, I'd truly appreciate it.
>>
>> Below is my attached document stating I am on his orders to transfer bases overseas,

27.     On May 1, 2021, Mrs. Fret emailed BHMS with an update: that the apartment had been emptied and further inquiring as to the return of her $2,200 security deposit.

28.     On May 4, 2021, Huaina Classens of BHMS responded to Mrs. Fret by incorrectly stating her military orders did not comply with her residential lease terms which required a 30-day

notice for early termination due military transfer. The email from Huaina Classens appeared as follows

> On May 4, 2021, at 4:55 PM, Huaina Classens <Huaina.Classens@bhmanagement.com> wrote:
>
> Hello Melissa,
>
> Please note that you are required to give 30 day notice per your lease. Based on that, your notice was given on 4/19 does not fulfill the 30 day notice required for early termination for military transfer/leave, otherwise you will be charged a termination fee. Also, we are unable to open the link sent. Please submit the military documents in PDF file. Once you send me the documents then I'll let you know exactly what your balance is.
>
> Please let me know if you have any questions.
>
> Respectfully,
>
> Huaina

29.     On May 4, 2021, Mrs. Fret continued pleading her case with BHMS as follows

> From: Melissa Rispoli <​███████████​>
> Date: May 4, 2021 at 1:38:24 PM EDT
> To: Huaina Classens <Huaina.Classens@bhmanagement.com>
> Subject: Re: [EXTERNAL] Re: Lease agreement - Melissa Fret
>
> I have already spoke with the lease manager regarding the time
> I had to leave. We spoke in person and came to an understanding. She called me and said your management approved the terms with the orders. As of right now I'm waiting for the bill and I told them when I was leaving but would still be paying for the month of may. I was just letting you know the keys are in the apartment and asked what would be going on with the security deposit?
>
> Thanks in advance,
> Melissa Fret

30.     Later that same day, BHMS responded to Mrs. Fret by stating she may not even receive her security deposit back if it needed to be applied to any "outstanding balance." That last available email exchange appeared as follows:

> **From:** Melissa Rispoli <█████████████>
> **Date:** May 4, 2021 at 2:14:31 PM EDT
> **To:** Huaina Classens <Huaina.Classens@bhmanagement.com>
> **Subject:** Re: [EXTERNAL] Re: Lease agreement - Melissa Fret
>
> Okay well I still haven't received the bill via email, this is the only form of communication I can give considering I'm out of the country
>
> Thanks,
> Melissa Fret
>
> Sent from my iPhone
>
>> On May 4, 2021, at 7:46 PM, Huaina Classens <Huaina.Classens@bhmanagement.com> wrote:
>>
>> Ok you were charged prorated rent of 18 days for the month of May. You may log in and submit that payment, I'll have our team go in and do the inspection of the apartment. We will not be able to take possession until the 18th so that inspection will be after that. Your security deposit will be applied to any outstanding balance, if the balance is $0 then any refund due back will be mailed to the address you provide.
>>
>> Please advise.
>>
>> Thanks,
>>
>> *Huaina Classens*                                                       <RSImage.png>
>> Property Bookkeeper
>> Avant at Pembroke Pines
>> Phone: (954) 435-9997
>> Prop Code:1962
>> 11801 Pembroke Rd, Pembroke Pines, FL 33025

31.     In early 2022, Mrs. Fret and her husband returned to Florida following his military service, so naturally they began searching for an apartment.

32.     On or about February 25, 2022, Mrs. Fret received a denial for a rental application to Pine Lakes Preserve. According to the denial, which was received via email "[t]he factors affecting [the] leasing recommendation include: Rental-industry collection found."

33.     Mrs. Fret reviewed her available credit reports to see that BHMS had referred her account with Avant at Pembroke Pines to Rent Recovery Solutions, LLC claiming $800 was owed.

34.     Based on information and belief, this $800 collection account appears on Mrs. Frets credit files with Equifax and Trans Union Resident Screening. The reporting to Equifax appeared on Mrs. Fret's credit file with the following image

Date Reported: May 17, 2022

| | | | |
|---|---|---|---|
| Collection Agency | RENT RECOVERY SOLUTIONS, LLC | Balance Date | May 17, 2022 |
| Original Creditor Name | AVANT AT PEMBROKE | Account Designator Code | INDIVIDUAL_ACCOUNT |
| Date Assigned | Sep 07, 2021 | Account Number | ##### |
| Original Amount Owed | $800 | Creditor Classification | RENTAL_OR_LEASING |
| Amount | $800 | Last Payment Date | |
| Status Date | May 17, 2022 | Date of First Delinquency | May 18, 2021 |
| Status | UNPAID | | |
| Comments | | Contact | |
| CONSUMER DISPUTES THIS ACCOUNT INFORMATION | | RENT RECOVERY SOLUTIONS, LLC 1945 THE EXCHANGE STE 120 ATLANTA GA 30339 (866) 949-1379 | |

35.     Unfortunately, Mrs. Fret was forced to pay an increased deposit to her new apartment complex because of the collections account.

36.     As a result, Mrs. Fret disputed the reporting by sending dispute letters to Equifax, Trans Union Resident Screening, and Rent Recovery Solutions, LLC to have such negative and inaccurate information removed so it would no longer affect her in future credit or resident applications.

## COUNT I – VIOLATIONS OF 50 U.S.C. §3955

37.     Plaintiff incorporates by reference her allegations in paragraphs 1 – 36 above as if fully set forth herein.

38.     Pursuant to §3955 of the SCRA Defendant was required to terminate Plaintiff's lease when she notified them of her military orders.

39.     Plaintiff provided the military orders promptly, yet Defendant completely ignored their duties under the SCRA and instead proceeded to treat Plaintiff's account as any other collection of rent or unpaid amounts.

40.     As a result of Defendant's SCRA violations Plaintiff has suffered actual damages in multiple forms including having to pay an increased security deposit at her new apartment complex and other credit damages.

41.     Plaintiff is entitled to an award of prevailing party attorney's fees and costs pursuant to 50 U.S.C. §4042 and punitive damages pursuant to 50 U.S.C. §4043

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against BHMS of actual damages, punitive damages, Attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT II – VIOLATIONS OF FLA. STAT. §559.72(5) AGAINST BHMS FOR DISCLOSURES TO RENT RECOVERY SOLUTIONS, LLC

42.     Plaintiff incorporates by reference her allegations in paragraphs 1 – 36 as if fully set forth herein.

43.     At all times relevant to this action, BHMS is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

44.     BHMS violated Florida Statute § 559.72(5) by disclosing to a person other than the Plaintiff or his family information affecting Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

45.     Specifically, BHMS disclosed false information affecting Plaintiff's reputation to Rent Recovery Solutions, LLC:  that Plaintiff's owed $800 despite lawfully terminating her lease under the SCRA.

46.     "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s.559.72, the frequency and persistence of the non-compliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2) (emphasis added).

47.     As a result of BHMS's violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices, damage to her reputation for credit worthiness, misrepresentation of an amount to a third party, and the emotional and mental distress associated with BHMS actions or inactions.

48.     Damages in the form of reputation being affected are the "class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." See *Laughlin v. Household Bank*, 969 So. 2d 509, 513 (Fla. 1st DCA. 2007) (quoting *Harris v. Beneficial Finance Company of Jacksonville*, 338 So.2d 196, 200 (Fla. 1976)). Accordingly, Plaintiff "is not required to prove actual damages, but only a violation of one of the prohibited practices in the FCCPA." Id.  "As discussed above, by enacting section 559.77, the Legislature intended to provide statutory damages in an area where the amount of damages are difficult to calculate." Id. at 514.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in her favor and against BHMS for: actual damages, statutory damages, and punitive damages pursuant to Fla.

Stat. §559.77; attorneys' fees, litigation expenses and costs of the instant suit; and such other or further relief as the Court deems proper.

## COUNT III – VIOLATIONS OF FLA. STAT. 559.72(9) AGAINST BHMS

49. Plaintiff incorporates by reference her allegations in paragraphs 1 – 36 as if fully set forth herein.

50. At all times relevant to this action, BHMS is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

51. BHMS violated Florida Statute § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate, or asserting the existence of some other legal right when Defendant knew that right did not exist.

52. Specifically, BHMS' communications to Plaintiff via email as detailed above claim that the residential lease supersedes Plaintiff's rights under the SCRA and illegally holds her responsible for early termination.

53. "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s.559.72, the frequency and persistence of the non-compliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2) (emphasis added).

54. As a result of Defendant's violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant' illegal collection practices and related emotional distress.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in her favor and against BHMS for: actual damages, statutory damages, and punitive damages pursuant to Fla. Stat. §559.77; attorneys' fees, litigation expenses and costs of the instant suit; and such other or further relief as the Court deems proper.

## JURY DEMAND

55. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SHARMIN & SHARMIN, P.A.**
*/s/ Kevin Rajabalee, Esq.*
Fla. Bar. No. 119948
kevin@sharminlaw.com
Eiman Sharmin, Esq.
FBN: 716391
830 North Federal Highway
Lake Worth, FL 33460
Main: 561-655-3925
Direct: 561-296-9109
Fax: (844) 921-1022
eiman@sharminlaw.com
*Attorney for Plaintiff*